UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| RAYMOND O. KOPP <br> (Social Security No. XXX-XX-2824), <br>      Plaintiff, <br><br>    v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of the <br> Social Security Administration, <br>      Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 4:12-cv-144-WGH-RLY |

**ENTRY ON JUDICIAL REVIEW**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the parties' Consents and an Order of Reference entered February 7, 2013. (Docket No. 16). Raymond O. Kopp seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") which found him not disabled and not entitled to disability insurance benefits under the Social Security Act. 42 U.S.C. § 301 *et seq*. For the reasons stated below, the Commissioner's decision must be **REMANDED**.

**I. Background**

  **A. Procedural History**

Kopp, 44 years old on the alleged disability onset date and with a high school education (R. at 20), applied for benefits on May 21, 2009. He alleged

an onset date of May 31, 2006. (R. at 83). His application was denied initially and upon reconsideration. (R. at 60-63, 65-67). On June 15, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Kopp and a vocational expert ("VE") testified. On September 2, 2011, the ALJ issued an opinion finding that Kopp was not disabled. (R. at 21). The Appeals Council denied Kopp's request for review (R. at 1), making the ALJ's decision the Commissioner's final decision. 20 C.F.R. §§ 404.955(a), 404.981. As a final decision, jurisdiction is proper in this Court. 42 U.S.C. § 405(g).

### B. ALJ Findings

The ALJ's decision included the following findings: (1) Kopp had not engaged in substantial gainful activity since the alleged disability onset date; (2) he had the following severe impairments: monocular vision; status post liver transplant; Bell's Palsy; back pain; dysthymic disorder; and headaches resulting from hemanigiomas (R. at 16); (3) none of the severe impairments met or equaled any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (hereafter "Listings") (R. at 17-18); (4) Kopp had the residual functional capacity ("RFC") to perform light work, but he had limited depth perception and field of vision and was limited to repetitive, unskilled work that entailed no interaction with the general public (R. at 18-20); (5) Kopp could not perform any past relevant work, and transferability of job skills was irrelevant because his past relevant work was unskilled (R. at 20); and (6) given Kopp's age, education, work experience, and RFC, there exist jobs in significant

numbers in the national economy that he could perform. (R. at 20-21). Based on these findings, the ALJ concluded Kopp was not disabled.

## II. Legal Standards

In order to qualify for disability benefits, Kopp must establish that he suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish disability, the claimant must present medical evidence of an impairment resulting "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 416.908; 404.1508.

The Social Security regulations outline a five-step inquiry the ALJ is to perform in order to determine whether a claimant is disabled. The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on Kopp for steps one through four; only after Kopp has met his

evidentiary burden does the burden shift to the Commissioner at step five. *Clifford v. Apfel*, 227 F. 3d 863, 868 (7th Cir. 2000).

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (internal quotation omitted); *see also Perkins v. Chater*, 107 F. 3d 1290, 1296 (7th Cir. 1997).

### III.   Statement of Medical Evidence

The Court finds that the Defendant's Memorandum in Support of the Commissioner's Decision ("Def's Memo") accurately summarizes the relevant medical evidence and incorporates that section into this opinion by reference. (Def's Memo at 3-4).

### IV.   Discussion

Kopp raises three issues on appeal, claiming: (A) the ALJ's step-five analysis was flawed; (B) the ALJ erred by failing to consider or discuss limitations caused by the severe impairments in combination; and (C) the ALJ violated the treating physician rule.

#### A.   Step-Five Analysis

During Kopp's hearing, the ALJ asked the VE several hypotheticals. The VE testified that Kopp, with his RFC to perform light work but not interact with the general public, could not perform his past relevant work. However, the VE testified that Kopp's RFC would allow him to work as an order filler, office

helper, or inspector/packer, and that over 600,000 such positions existed nationally.  (R. at 54-55).[1]  The VE listed three additional sedentary jobs that Kopp could also perform, with over 175,000 positions nationally.  (R. at 55-56).

Kopp's RFC was based on the evaluation by Disability Determination Bureau ("DDB") examining physician Dr. R. Bond.  Dr. Bond's RFC form listed limits in depth perception and field of vision due to Kopp's blindness in one eye.  (R. at 53-54, 240).  However, the ALJ did not explicitly mention those visual limitations in the hypotheticals posed to the VE.  Kopp argues that the ALJ failed to precisely set out his impairments in the hypotheticals, *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002), and as a result, failed to build a logical bridge between the evidence and his conclusions, *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000).

The ALJ noted that Dr. Bond's opinion was an RFC assessment found at Exhibit 9F, and the VE mentioned Exhibit 9F in his response.  (R. at 54).  While perhaps the ALJ should have explicitly listed Kopp's visual limitations, the ALJ did direct the VE to a medical source that listed those limitations, and the VE acknowledged that his testimony was based off Dr. Bond's RFC assessment.  Kopp argues that "it seems unlikely that the [VE] understood the ALJ's hypothetical to include visual limitations.  Every job he listed would require good visual acuity and field of vision." (Plaintiff's Reply 1 (citing Dictionary of Occupational Titles ("DOT") 206.387-034, 206.387-014, 239.567-010, 559.687-074, 579.687-030, 920.387-010)).  However, the DOT listings for

---

[1] The ALJ added the additional limitation of "no working around hazardous situations, dangerous machinery or heights."  (R. 54).

5

the jobs listed by the VE do not specifically list visual acuity as a requirement. While three of the six jobs have the word "Inspector" in their titles, the Court must defer to the VE's conclusion that Kopp's blindness in one eye would not keep him from being able to perform these jobs.

The VE's testimony appears to have been based on record evidence. The testimony therefore constituted substantial evidence that the ALJ could rely upon in making his step-five determination. The Court therefore cannot find the ALJ erred by failing to mention his visual limitations in the hypotheticals.[2]

### B.    ALJ's Consideration of Impairments on RFC

Kopp briefly alleges that the ALJ failed to discuss how his severe impairments, in combination, may have affected his RFC. (Plaintiff's Brief 4). In doing so, Kopp claims, the ALJ violated SSA regulations on evaluating multiple impairments, 20 C.F.R. § 404.1523, and the case should be remanded for consideration of his impairments' effect on his RFC. However, the ALJ specifically considered Kopp's impairments in combination in considering whether Kopp met or equaled a Listing. (R. at 17). The ALJ also considered the entire record in assessing Kopp's RFC—the same process by which the ALJ determined Kopp's severe impairments. (R. at 18). Moreover, as the Commissioner notes, Kopp has failed to specify any medical evidence or factors overlooked by the ALJ in this analysis. He also has not identified how his

---

[2] Kopp also briefly alleges that four of the seven jobs should have been excluded because they carried Specific Vocational Performance numbers ("SVPs") of three or four, which indicate the work is semi-skilled, rather than unskilled. (Plaintiff's Reply 1-2). However, all the jobs cited by the VE have SVPs of two, which indicate unskilled work. (R. 54-56).

6

impairments, in combination, should have resulted in a more restrictive RFC. In short, Kopp has failed to show any harm from the ALJ's supposedly flawed analysis, and the ALJ's decision cannot be remanded without such a showing. *See Shinseki v. Sanders*, 556 U.S. 396, 401, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009).

### C.   Weighing Dr. Goldstein's Opinion

On two occasions, including May 1, 2011, Dr. Steven Goldstein, Kopp's treating physician since 2005, opined that Kopp was totally disabled from his severe fatigue, chronic pain, and monocular vision. (R. 266, 368). The ALJ gave Dr. Goldstein's opinion little weight, noting that a physician's opinion that a claimant is disabled is entitled to no weight, since the determination of disability is reserved to the Commissioner. (R. 19; 20 C.F.R. § 404.1527(e)).[3] The entirety of the ALJ's discussion of Dr. Goldstein's opinion is as follows:

> As for the opinion evidence, little weight is given to Dr. Steven Goldstein, a treating physician who recommends disability for the claimant. The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled (Social Security Ruling 96-5P). Significant weight is given to the psychological consultative examiners, one of whom was of the opinion that the claimant is only moderately impaired (Ex. 11F), and the other of whom who [sic] stated there is no evidence of a severely limiting impairment in the file (Ex. 12F).

---

[3] At the time of the ALJ decision, the regulation assigning no weight to a physician's opinion of disability was codified at 20 C.F.R. § 404.1527(e). Subsequently, the regulation was changed, and 20 C.F.R. § 404.1527(d), (e), and (f) were codified unchanged at 20 C.F.R. § 404.1527(c), (d), and (e), respectively.

Kopp alleges that the ALJ failed to consider Dr. Goldstein's opinion. He further claims that Dr. Goldstein opining that Kopp is disabled is not by itself sufficient reason to ignore his entire opinion or treatment history with Kopp. (Plaintiff's Brief 4-5 (citing *Bjornson v. Astrue*, 671 F. 3d 640, 647 (7th Cir. 2012))). The Commissioner briefly rejoins that the ALJ properly weighed Dr. Goldstein's opinion and that, by failing to identify any physical limitations opined by Dr. Goldstein—and medical support for those limitations—Kopp has failed to establish legal error.

The treating physician rule is a two-step process that an ALJ must undertake if a treating physician's opinion is in the record. First, the ALJ must determine if the physician's findings are supported by the medical findings and consistent with other substantial evidence in the record. If so, the opinion is to be given controlling weight. *Schmidt v. Astrue*, 496 F. 3d 833, 842 (7th Cir. 2007) (internal quotation omitted). If not, the ALJ must consider several factors in deciding how much weight to give the opinion, including:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship;
> (ii) the evidence in support of the treating physician's opinion;
> (iii) the consistency of the opinion with the record as a whole;
> (iv) whether the opinion is from a specialist; and
> (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 404.1527(d)(2).

While the ALJ correctly noted that Dr. Goldstein's opinion of disability is entitled to no weight, the ALJ conducted no further analysis. The ALJ made no

mention of whether Dr. Goldstein's opinion is consistent with other medical evidence or supported by the records from his history of treating Kopp, thus failing to satisfy the first step of the treating physician rule. The ALJ also failed to discuss any of the listed factors for step two. 20 C.F.R. § 404.1527(d)(2). Of particular concern to the Court is that the ALJ did not discuss or evaluate the fact that Kopp was on liver transplant rejection medication. Whether side effects of that medication might or might not cause the complaints of "severe fatigue" and "severe weakness" described by Dr. Goldstein is not discussed. The ALJ found that Dr. Goldstein's records also supported the existence of other severe impairments, including Bell's Palsy (R. 266, 368),[4] back pain, dysthymic disorder, and headaches stemming from hemanigiomas. (R. 16). The ALJ's brief discussion simply fails to allow the Court to trace the path of the ALJ's reasoning that these physical problems diagnosed and treated by Dr. Goldstein have little or no bearing on Kopp's employment abilities.

Mindful of the Seventh Circuit's mandate in *Bjornson*, 671 F.3d at 647-48 (citing 20 C.F.R. § 404.1527(e)(2-3)), the Court finds that the ALJ failed to properly evaluate Dr. Goldstein's opinion. This failure is sufficient harm to

---

[4] The Mayo Clinic website (September 11, 2013 – mayoclinic.com/health/bells-palsy/DS00168/DSECTION=symptoms) describes the symptoms of Bell's Palsy to include, "Rapid onset of mild weakness to total paralysis on one side of your face – occurring within hours or days – making it difficult to smile or close your eye on the affected side…Pain around the jaw or in or behind your ear on the affected side…Headache ….."

require remand, and the Court remands the case for full evaluation.[5] If, on remand, the ALJ decides to accord Dr. Goldstein's opinion greater weight, Kopp's RFC should be adjusted accordingly.

### D. New Evidence

In his reply brief, Kopp discusses the new evidence submitted to the Appeals Council, notably an RFC evaluation by Dr. Goldstein. The Council accepted this evidence and added it to the record. (R. at 5). On remand, the ALJ should consider the additional evidence in his examination of the record.

## V. Conclusion

Because the ALJ failed to properly evaluate Dr. Goldstein's opinion, and because his opinion may significantly affect Kopp's RFC and ability to perform full-time work, this case is **REMANDED** to the Commissioner for further proceedings consistent with this Entry.

**IT IS SO ORDERED** the 16th day of December, 2013.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

---

[5] In addition, while the ALJ assigns significant weight to DDB examining psychologists (R. at 19, 246-49, 250-63), the ALJ fails to discuss any other medical opinion at step three, including Dr. Bond's opinion, which the ALJ relied on in making Kopp's RFC assessment. (R. at 54, 240). An ALJ is not required to evaluate each non-treating medical source. *Cf.* SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996) (listing requirements for assigning weight to treating opinions but containing no requirement to weigh opinions of non-treating medical sources). However, on remand the ALJ should discuss the medical opinions he relies on in making his RFC determination.